# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Loren S. HALSEY II
### Fireman Machinery Technician (E-3), U.S. Coast Guard

## CGCMS 24269

## Docket No. 1211

## 27 February 2006

Special Court-Martial convened by Commander, Coast Guard Group/Marine Safety Office Sault Ste. Marie.  Tried at St. Ignace, Michigan, on 28 October 2003.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LT Ted R. Fowles, USCG |
| Defense Counsel: | LT Liam M. Apostol, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR, & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  four specifications of violating a lawful general order by wrongfully using a government computer to access certain websites, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of sodomy with a child under the age of sixteen years, in violation of Article 125, UCMJ; and two specifications of committing indecent acts with a child under sixteen years of age, in violation of Article 134, UCMJ.

The military judge sentenced Appellant to a bad-conduct discharge, confinement for 225 days, forfeiture of $767 per month for eight months, and reduction to E-1. The Convening Authority approved the adjudged sentence, which was unaffected by the pretrial agreement.

Appellant has assigned four errors before this Court:

> I. THAT APPELLANT WAS PREJUDICED BY A MISSTATEMENT IN THE STAFF JUDGE ADVOCATE'S RECOMMENDATION AND THE PROMULGATING ORDER OF THE FINDINGS WITH RESPECT TO SPECIFICATIONS 5 AND 6 UNDER CHARGE I.
>
> II. THAT APPELLANT'S PLEA OF GUILTY TO VIOLATING COMMANDANT INSTRUCTION 5375.1 WAS IMPROVIDENT BECAUSE THE REGULATION IS UNCONSTITUTIONALLY VAGUE.
>
> III. THAT APPELLANT'S PLEAS TO SPECIFICATIONS 1 THROUGH 4 UNDER CHARGE I WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO DEFINE THE TERM "SEXUALLY EXPLICIT" AS IT RELATES TO MISUSE OF GOVERNMENT OFFICE EQUIPMENT.
>
> IV. THAT APPELLANT'S PLEAS TO SPECIFICATIONS 1, 2, AND 3 OF CHARGE I WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO ELICIT FACTS SUFFICIENT TO SUPPORT A PLEA OF GUILTY.

All the assignments will be discussed.

### ASSIGNMENT I

Appellant asserts that he was prejudiced by a misstatement in the staff judge advocate's recommendation (SJAR). While we agree that the staff judge advocate's error was plain and obvious, we find no prejudice.

The SJAR and the promulgating order state that Appellant pled guilty to and was found guilty of both Specifications 5 and 6 of Charge I. Appellant, however, pled not guilty to both. R. at 38. The trial counsel subsequently withdrew both of those specifications in accordance with the pretrial agreement. R. at 111. Accordingly, the Government agrees that the

promulgating order contains the error noted by Appellant and concurs in our ordering its correction. However, the Government disagrees that the SJAR error prejudiced Appellant and notes that the trial defense counsel did not comment on it.[1]

If defense counsel does not make a timely comment on an omission in the SJAR, the error is waived unless it is prejudicial under a plain error analysis. Rules for Court-Martial (R.C.M.) 1106(f)(6), Manual for Courts-Martial (MCM), United States, (2000 ed.)[2]; *United States v. Capers*, 62 M.J. 268, 269 (C.A.A.F. 2005) (quoting United States v. Scalo, 60 M.J. 435, 436 (C.A.A.F. 2005) and United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2005)). To prevail under a plain error analysis, Appellant must show: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Kho*, 54 M.J. at 65 (citing United States v. Finster, 51 M.J. 185, 187 (C.A.A.F. 1999)). The third element is satisfied if Appellant makes "some colorable showing of possible prejudice." *Id.* (quoting United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)). This low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the highly discretionary nature of the Convening Authority's action on the sentence. *Id*.

While the threshold is low, there must be some colorable showing of possible prejudice. *Id.* Taking the record as whole, we are not persuaded that Appellant has made the required showing. The SJAR erroneously stated that Appellant pled guilty to two specifications of violating Article 92, UCMJ. These specifications involved sending one inappropriate e-mail to two adult coworkers in violation of a lawful general order. The SJAR, on the other hand, correctly noted that Appellant pled guilty to four other specifications of violating the same order. These specifications involved Appellant's use of a government computer to view sexually explicit web sites. Far more significantly, the SJAR correctly noted that Appellant also pled guilty to sodomizing a child under the age of sixteen and two specifications of indecent acts with a child under the age of sixteen. Given the nature of the convictions that were properly reported

---

[1] There is no evidence that the record of trial and SJAR were served on the defense counsel. Appellate defense counsel, however, ascertained that both documents were served on the defense counsel and asserts that there was no prejudice from this additional error.
[2] The 2000 edition of the Manual for Courts-Martial was in effect at the time of the offenses resulting in Charge I, while the 2002 edition was in effect at the time of the other charged offenses. However, both versions of the relevant provision are identical.

and the sentence imposed, we do not believe there was even a remote possibility that the Convening Authority would have acted differently. Appellant, therefore, has not shown the required prejudice, and his previous waiver of the issue stands.

## ASSIGNMENTS II, III, and IV

The remaining assignments of error all relate to convictions for violating COMDTINST 5375.1, Limited Personal Use of Government Office Equipment, dated 22 December 2000. This Instruction established a limited benefit allowing employees to make some personal use of government computer equipment. Personal use that does not fall within the scope of the benefit is unauthorized. In addition to the limitations contained in a one-page policy discussion, the personal use benefit is subject to nearly two pages of specific prohibitions including: (1) using government office equipment for activities that are illegal, inappropriate, or offensive to fellow employees or the public and (2) the creation, downloading, viewing, storage, copying, or transmission of sexually explicit or sexually oriented materials. These prohibitions are contained in the portion of the Instruction identified as a punitive general order.

Appellant pled guilty to violating this order by wrongfully using his government computer to access four different websites with the titles "nudeinn," "sexkey," "fetishkingdom," and "bestiality." According to the stipulation of fact and providence inquiry, these acts violated the order because the websites contained sexually explicit material.

## Vagueness
## Assignment II

Appellant asserts that the order contained within the Instruction is unconstitutionally vague because it fails to define the term "sexually explicit" in a manner which gives fair warning and prevents ad hoc enforcement.[3] We disagree and reaffirm our prior decision in *United States v. Montes*, 60 M.J. 759 (C.G.Ct.Crim.App. 2004).

---

[3] Appellant has not challenged the Instruction's failure to define the term "sexually oriented," perhaps because the providence inquiry focused on "sexually explicit" materials. With the benefit of a full record, however, we note that the phrase "sexually oriented" is implicated in the stipulation of fact on Specification 3 of Charge I. The remainder of the stipulation, however, and the entire providence inquiry, is clearly focused on the phrase "sexually explicit." Given this almost exclusive focus, we will resolve the case on this basis but note that this Court has not yet

Ironically, Appellant's vagueness claim is at least partially the result of the Coast Guard's effort to provide much more specific guidance in COMDTINST 5375.1. Prior to this Instruction, an earlier order simply limited the use of government equipment to purposes authorized in law or other regulations. This earlier order was also challenged for vagueness in cases involving the download of sexually explicit materials. *United States v. Brantner*, 54 M.J. 595 (C.G.Ct.Crim.App. 2000); *United States v. Labean*, 56 M.J. 587 (C.G.Ct.Crim.App. 2001). In upholding the prior order which, admittedly, spoke in much broader generalities, we stated:

> What is authorized can be determined with reasonable certainty, in some cases by reference elsewhere, in other cases by common sense. … Corollary to the principle "Ignorance of the law is no excuse" is the idea that one may be required to do some research to determine the boundaries of lawful activity. If those boundaries can be determined with reasonable certainty, the regulation is not vague.

*Brantner*, 54 M.J. at 598. *See also Brantner*, 54 M.J. at 603 (while the order provided little guidance for the unwary, every Coast Guard member should know, without an explicit order, that Government computers are not to be used for viewing pornography) (Baum, C.J., concurring).

COMDTINST 5375.1 provides a much more detailed list of prohibitions, including the ban on sexually explicit material. This new order was challenged for vagueness in *United States v. Montes*. In resolving the vagueness challenge in *Montes*, this Court took the position that the part of the order challenged, the language "sexually explicit," without more, was sufficiently understood to withstand an assertion of unconstitutional vagueness. *Montes*, 60 M.J. at 763.

Our decision in *Montes*, along with our earlier decisions in *Brantner* and *Labean*, implicitly recognized the importance of the surrounding context. The challenged words, be they "authorized purposes" or "sexually explicit," have never appeared in the abstract. COMDTINST

---

considered whether the phrase "sexually oriented" is unconstitutionally vague within the context of COMDTINST 5375.1. *See United States v. Montes*, 60 M.J. 759, 761 (C.G.Ct.Crim.App. 2004).

5375.1 provides four pages of context to accompany the two-page general order. This context shows that *all* personal use of Coast Guard computers was prohibited prior to the Instruction. COMDTINST 5375.1 modified this general rule by creating a limited personal use benefit. It did so, however, within a clear framework that any personal use outside the scope of the limited benefit remained unauthorized. Given that many government computer screens are viewable by other employees, it is not surprising that the Commandant omitted "sexually explicit" materials from the safe harbor of the personal use benefit.

There could, theoretically, be some instances where the order's prohibition against sexually explicit materials might not provide sufficient guidance. This case, however, is not one of them. Appellant was familiar with both the general order and the additional context provided by the remainder of COMDTINST 5375.1. He was shown a copy of the Instruction and his unit computer rules. R. at 55. He knew that personal use of government computers was improper. *Id.* Yet, Appellant visited four different websites with sexually suggestive titles and viewed 515 sexually explicit images on these sites, with the vast majority, 481 images, originating on the site dedicated to bestiality. As a subscribing member to the bestiality site, Appellant had access to "The world's largest collection of amateur bestiality." Prosecution Ex. I at 12. The four sample images included in the record are clearly prohibited by the order. In short, we find that Appellant had fair warning. "That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." *Montes*, 60 M.J. at 763 (quoting United States v. Petrillo, 332 U.S. 1, 7, 67 S. Ct. 1538, 1542, 91 L. Ed. 1877 (1947)).

### Definition of "Sexually Explicit"
### Assignment III

Appellant asserts that his pleas to all the specifications in Charge I are improvident because the military judge failed to define the phrase "sexually explicit" during the providence inquiry. We disagree, although failing to define the term clearly weakens the factual predicate for the guilty plea.

The military justice system sets a high standard for the acceptance of guilty pleas. *See generally United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003); R.C.M. 910. In order for a plea to be knowing and voluntary, the record of trial must reflect that the elements of each offense charged have been explained to the accused by the military judge. *United States v. Care*, 18 USCMA 535, 541, 40 C.M.R. 247, 253 (C.M.A.1969)*; see* Article 45(a), UCMJ, 10 U.S.C. § 845(a); *see* R.C.M. 910(c)(1). Failure to do so is reversible error, unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992).

Yet, this high standard does not impose an absolute requirement for a full technical listing of the elements, never mind expansive definitions of every phrase within the elements. *See Redlinski*, 58 M.J. at 119. An accused is not entitled to a "hornbook review" of the applicable law in his case. *Id.* Moreover, definitions offer no absolute panacea since every definition depends upon the meaning of other words. For example, in *Montes*, the military judge provided an extensive definition of the phrase "sexually explicit." *Montes*, 60 M.J. at 762. The definition included the phrase "lascivious exhibition," which, in turn, was defined by the military judge. *Id.* Yet, the accused challenged the definition of "lascivious exhibition" upon appeal, illustrating the near impossibility of being able to satisfy an absolute requirement to define every word and phrase to a degree of universal acceptance. *See id.* at 764. Therefore, while the standard for acceptance of a guilty plea is high, perfection is not required.

Instead, this Court must look at the context of the entire record to determine whether an accused was aware of the elements, either explicitly or inferentially. *Redlinski*, 58 M.J. at 119; *United States v. Pretlow*, 13 M.J. 85, 88 (C.M.A. 1982). The issue is not whether there is exemplary compliance with the requirements in *Care*, but whether the combination of circumstances shows that the guilty plea was informed and voluntary. *United States v. Hansen*, 59 M.J. 410, 412 (C.A.A.F. 2004).

Therefore, the military judge's failure to define the phrase "sexually explicit," while perhaps sub-optimal, is not, by itself, a fatal defect. The term is commonly used and well-

understood. *Montes*, 60 M.J. at 763. Taking the record as a whole, we find Appellant's pleas to be informed and voluntary.

### Factual Basis for the Plea
### Assignment IV

Appellant asserts an insufficient factual basis for most of his pleas related to the use of a government computer to access sexually explicit websites. We agree. Appellant does not, however, challenge his guilty plea to Charge I, Specification 4, accessing the bestiality web site, perhaps since four images from this site are attached to the record and the stipulation of fact identifies them as representative.

A guilty plea should not be accepted by the military judge or affirmed at this level unless there are facts supporting the accused's guilt. *Care*, 18 USCMA at 538, 40 C.M.R. at 250; Article 66, UCMJ. An accused's assertion that he is guilty or that he committed the alleged offense will not suffice. *See* R.C.M. 910(e). Such legal conclusions uttered by the accused are not sufficient to support a finding of guilty. *United States v. Schrader*, 60 M.J. 830, 831 (C.G.Ct.Crim.App. 2005). On the other hand, when evidence other than the accused's testimony is placed in the record, it may obviate the need for the accused to provide details. *Montes*, 60 M.J. at 765.

In this case, the record concerning the nature of the challenged websites is very sparse. As previously discussed, COMDTINST 5375.1 does not define "sexually explicit," and the military judge did not define the term to Appellant. The stipulation of fact offers no description of the images beyond that they were sexually explicit. No images are attached to the record, not even a representative sample, leaving just the name of the websites and the following:

Charge I, Specification 1 ("www.nudeinn.com")

COURT: In general terms, what did those images show?

ACCUSED: Persons in sexual situations, sir. R. at 56.

Charge I, Specification 2 ("www.sexkey.com")

COURT:  Can you tell me what, just in general terms, those nine images contained?

ACCUSED:  People in sexually explicit positions, sir.  R. at 59.

Charge I, Specification 3 ("www.fetishkingdom.net")

COURT:  What did those images show in general terms?

ACCUSED:  Persons in sexually explicit positions, sir.  R. at 63.

Although the phrase "sexually explicit" is commonly understood, the quoted exchange with the military judge adds little about the content of the websites.  Clearly, there were people in the images, and the website names were suggestive.  We cannot, however, find that Appellant accessed sexually explicit websites simply because he, and the stipulation of fact, repeated the phrase several times.  Given the lack of any other information in the record, we are, therefore, unable to affirm the findings of guilty to Specifications 1, 2, and 3 of Charge I.  Those guilty findings must be set aside.  The remaining findings of guilty are fully supported and may be affirmed.

### Reassessment of Sentence

In light of the foregoing, the findings of guilty to Specifications 1, 2, and 3 of Charge I are set aside.  We now reassess the sentence in light of the guilty findings that have been set aside.  In so doing, we may affirm only so much of the sentence as we believe the military judge would have adjudged in the absence of the errors we are now correcting; if we are unable to determine what that would have been, we must order a rehearing on sentence.  *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986).

Given that the vast majority of the images remain a part of the affirmed findings and the additional affirmed charges of sodomy with a child and indecent acts with a child, we are convinced that the military judge would not have imposed a lesser sentence if the error had not been committed.  Accordingly, upon reassessment, we have determined that the sentence approved by the Convening Authority is appropriate and should be approved.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge I, Specifications 1, 2, and 3 are set aside. The remaining findings of guilty are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty are affirmed. The sentence, upon reassessment, is deemed to be appropriate and should be approved. Accordingly, the sentence as approved below is affirmed. A supplemental promulgating order shall be issued by the Convening Authority to correct the errors noted by Appellant and the Government.

Chief Judge BAUM and Judge KANTOR concur.



For the Court,


Jane R. Lim
Clerk of the Court