# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Stacy L. DEROV,
### Fireman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24349

## Docket No. 1265

## 13 November 2007

Special Court-Martial convened by Commanding Officer, USCGC GALLATIN. Tried at Norfolk, Virginia, on 22 December 2005.

| | |
|---|---|
| Military Judge: | CAPT Thomas R. Cahill, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCGR |
| Defense Counsel: | LT Jason D. Crain, JAGC, USNR |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCGR |
| | LT Robert M. Pirone, USCGR |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, TUCHER & LODGE
### Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ), and one specification of wrongfully using marijuana, in violation of Article 112a, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, forfeiture of $800.00 per month for four months, reduction to E-1, and confinement for ninety days, which he credited with eighty-seven days of pretrial confinement pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The Convening Authority approved the sentence as adjudged and ordered it to be executed. The pretrial agreement had no effect on the sentence.

Before this Court, Appellant assigns the following errors:

I.      The Staff Judge Advocate's Recommendation (SJAR) misadvised the Convening Authority of the sentence he could approve.

II.     The court-martial order fails to properly reflect Appellant's adjudged sentence.

III.    The Convening Authority's action purports to execute the adjudged bad-conduct discharge and confinement in excess of that adjudged.

As noted above, the adjudged sentence included confinement for ninety days. The SJAR, in its presentation of the findings and sentence adjudged, correctly rendered the ninety-day confinement element, but later advised the Convening Authority that he could approve confinement up to 120 days. The record shows that Appellant's counsel received the SJAR and subsequently submitted a clemency request, which did not comment on the SJAR. The promulgating order, in its presentation of the sentence, sets forth 120 days as the confinement element. The Convening Authority's action provides that "the sentence is approved and will be executed."

Appellant's ninety-day sentence combined with eighty-seven days of credit, taking into account "good time," should have resulted in Appellant's release without further confinement upon adjournment of the court-martial. The Government avers, "She was released from confinement on the same day that the sentence was adjudged." (Government's Br. 3.) Appellant does not disagree. We assume that Appellant was, indeed, released from confinement as the Government avers.

**Assignment of Error I**

Appellant asserts that the SJAR misadvised the Convening Authority of the sentence he could approve. The sentence that the SJAR stated the Convening Authority may approve, pursuant to the pretrial agreement, included any amount of confinement up to 120 days. However, the adjudged sentence included only ninety days of confinement. (R. at 86.) R.C.M. 1107(d)(1) provides, "The convening or higher authority may not increase the punishment imposed by a court-martial." Appellant requests this Court to take action to correct the SJAR.

R.C.M. 1106(f)(6) provides, "Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." If defense counsel does not make a timely comment on an omission in the SJAR, the error is waived in the absence of plain error. *United States v. Halsey*, 62 M.J. 681, 683 (C.G.Ct.Crim.App. 2006); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). In order to prevail under a plain error analysis, Appellant must show (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *Halsey*, 62 M.J. at 683; *Kho*, 54 M.J. at 65.

Trial defense counsel failed to submit any comments and did not raise the issue with the SJAR. Hence the foregoing paragraph applies. The Government concedes that there was a plain error, but contends that there was no prejudice. The prejudice element is satisfied if Appellant makes some colorable showing of possible prejudice. *Halsey*, 62 M.J. at 683; *Kho*, 54 M.J. at 65. We agree with the Government that there has been no showing of any prejudice at all, since Appellant was released from confinement on the same day the sentence was adjudged. No relief is due.

### Assignment of Error II

Appellant points out that the promulgating order does not accurately reflect Appellant's adjudged sentence and therefore requests "consideration and corrective action as deemed appropriate." (Appellant's Br. 3.) The military judge's sentence included confinement for ninety days, but the promulgating order states that the adjudged sentence included confinement for 120 days.

The promulgating order must be corrected to reflect that the sentence included confinement for ninety days rather than 120 days. Once this corrective action is taken regarding confinement, there is no error that materially prejudices Appellant's substantial rights.

**Assignment of Error III**

Appellant, in her last assignment of errors, complains that the Convening Authority's action purports to execute the adjudged bad-conduct discharge, as well as confinement in excess of that adjudged.

R.C.M. 1113(c)(1) provides, "A dishonorable or bad-conduct discharge may be ordered executed only after a final judgment within the meaning of R.C.M. 1209 has been rendered in the case." Following *United States v. Bayle*, 56 M.J. 762, 763 (C.G.Ct.Crim.App. 2002), we consider the portion of the Convening Authority's action ordering execution of the bad-conduct discharge to be a nullity and of no effect. No corrective action is required. However, correction of the promulgating order may be accompanied by correction of the action if desired.

Although the action, when read with the promulgating order, appears to execute excessive confinement, the disparity between the actual adjudged sentence and the sentence as it appears in the promulgating order will no longer exist once the promulgating order is corrected.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed. Appropriate authority shall issue a new promulgating order correcting the erroneous statement of the adjudged sentence.



For the Court,

Jane R. Lim
Clerk of the Court