**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**Gregory A. NEWBY**
**Boatswain's Mate Third Class (E-4), U.S. Coast Guard**

**CGCMS 24411**

**Docket No. 1316**

**14 July 2010**

Special Court-Martial convened by Commander, Maintenance & Logistics Command Atlantic. Tried at Norfolk, Virginia, on 25 September 2008.

| | |
|---|---|
| Military Judge: | CDR Larry R. Kennedy, II, USCG |
| Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Assistant Trial Counsel: | LT Adam B. Olson, USCGR |
| Military Defense Counsel: | LT Steven R. Obert, JAGC, USN |
| Appellate Defense Counsel: | CDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Alfred J. Thompson, USCGR |

**BEFORE**
**McCLELLAND, KENNEY & McTAGUE**
Appellate Military Judges

McTAGUE, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ); two specifications of assault, in violation of Article 128, UCMJ; and one specification of making a false official statement, in violation of Article 107, UCMJ. The military judge sentenced Appellant to confinement for sixty days, restriction for forty-five days, reduction to pay grade E-2, forfeiture of fifty dollars per month for twelve months, and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged except for the

restriction, but suspended the bad-conduct discharge for six months pursuant to the pretrial agreement.

Before this court, Appellant has assigned as error that Appellant was prejudiced by the omission of mention of the military judge's recommendation for clemency in the Staff Judge Advocate's Recommendation (SJAR). We affirm.

After announcing the sentence, the military judge recommended on the record that the Convening Authority suspend the bad-conduct discharge for a period of thirty-six months:

> Now, I'll further state with my sentence, Petty Officer Newby, as Military Judge I do not have the power or the authority to suspend a sentence; that is solely up to the Convening Authority. I did award you a bad conduct discharge because I believe that your conduct merits that punishment; however, I'm going to take the rare – I'm going to do the rare step of stating on the record a recommendation that the Convening Authority suspend your bad conduct discharge for a period of 36 months. The Convening Authority is not bound by the court's recommendation, however, I am making that specific recommendation on the record that he suspend the bad conduct discharge for a period of 36 months.

(R. at 169-70.)

Part II of the pretrial agreement contained a suspension provision, requiring the Convening Authority to suspend a punitive discharge for six months, at which point, unless sooner vacated, it would be remitted. The military judge noticed this provision shortly after announcing the sentence. He said:

> Okay, Petty Officer Newby, we're going to walk through Part II, paragraph—at this time. The first paragraph is "Punitive Discharge." I did adjudge a punitive discharge. It says in here a punitive discharge may be approved as adjudged; however, if it is adjudged, it will be suspended for a period of 6 months from the date of the Convening Authority's action. So, you already have a built-in suspension in your Pretrial Agreement, so my recommendation—the Convening Authority couldn't then—now further extend—you know, I recommended a 36-month suspension, so the Convening Authority is capped at—at 6 months.

(R. at 170-71.)

Post-trial, neither the SJAR nor the SJAR Addendum mentioned the military judge's recommendation.

Trial defense counsel did not comment on the thirty-six-month suspension recommendation in his Rule for Courts-Martial (R.C.M.) 1105, Manual for Courts-Martial, United States (2008 ed.) submission. R.C.M. 1106(f)(6) provides, "Failure of counsel for the accused to comment on any matter in the recommendation or matters attached to the recommendation in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." If defense counsel does not make a timely comment on an omission in the SJAR, the error is waived in the absence of plain error. *United States v. Halsey*, 62 M.J. 681, 683 (C.G.Ct.Crim.App. 2006); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). In order to prevail under a plain error analysis, Appellant must show (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right. *Halsey*, 62 M.J. at 683; *Kho*, 54 M.J. at 65. The third element is satisfied if Appellant makes "some colorable showing of possible prejudice." *Halsey*, 62 M.J. at 683 (quoting *Kho*, 54 M.J. at 65).

The Government concedes error but contends that no prejudice has been shown. Appellant argues that he was prejudiced because the military judge's "unusual recommendation" was a strong message that he saw redeeming qualities in Appellant. He also contends that if the Convening Authority knew the military judge's recommendation, then the Convening Authority might have decided to retain rather than administratively discharge Appellant[1] or grant some other relief.

It was error for the staff judge advocate to omit the clemency recommendation, and given that the Rules for Courts-Martial specifically require this recommendation to be mentioned in the SJAR, the error was plain or obvious. *See* R.C.M. 1106(d)(3)(B). But Appellant has not made some colorable showing of possible prejudice. Appellant received what the military judge recommended, suspension of the bad-conduct discharge, on better terms than the military judge's

---

[1] The Government avers that Appellant was administratively discharged on 26 January 2009. This was before the period of suspension had run.

recommended terms. The military judge's recommended thirty-six-month suspension was six times the number of months the parties bargained for in the pretrial agreement.[2] In effect, the military judge was recommending that Appellant should have the threat of a bad-conduct discharge hanging over his head for three years versus the Convening Authority's six months. Important to note is that during the military judge's inquiry into Part II of the Pretrial Agreement, he recognized that his clemency recommendation was a nullity (i.e., the recommendation could not be carried out because doing so would violate the terms of the pretrial agreement to Appellant's detriment). *See Kho,* 54 M.J. at 65 (no colorable showing of prejudice where convening authority released appellant from confinement earlier than military judge recommended). Based on the entire record, this Court does not believe the Convening Authority would have regarded the military judge's more onerous suspension recommendation in a light favorable to Appellant. We see no possibility that Appellant would have received clemency beyond that required by the pretrial agreement based upon the military judge's recommendation.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge MᶜCLELLAND and Judge KENNEY concur.



For the Court,

L. I. McClelland
Chief Judge

---

[2] We note that the military judge's thirty-six-month suspension was double the number of months prescribed in the Coast Guard Military Justice Manual as the normal limit for suspended punishments. "Absent unusual circumstances, the period of suspension shall normally not exceed the greater of 18 months, or 1 year beyond any period of confinement adjudged." Section 5.E.1.b., Military Justice Manual, Commandant Instruction M5810.1D.