UNITED STATES, Appellee,

v.

Michael T. WILLIAMS, Airman Basic,
U.S. Air Force, Appellant.

No. 98–0208.
Crim.App. No. S29431.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 18, 1998.

Decided May 28, 1999.

SULLIVAN, J., delivered the opinion of the Court, in which COX, C.J., and CRAWFORD, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Captain Thomas R. Uiselt* (argued); *Colonel Douglas H. Kohrt* (on brief); *Lieutenant Colonel Ray T. Blank, Jr.*

For Appellee: *Major J. Robert Cantrall* (argued); *Colonel Brenda J. Hollis* and *Lieutenant Colonel Michael J. Breslin* (on brief); *Major Ronald A. Rodgers* and *Captain Steven D. Dubriske.*

Judge SULLIVAN delivered the opinion of the Court.

On June 6, 1997, appellant was tried by a military judge sitting alone as a special court-martial at Lackland Air Force Base (AFB), Texas. In accordance with his pleas, he was found guilty of wrongfully using marijuana and breaking restriction, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 USC §§ 912a and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 4 months, and forfeiture of $600 pay per month for 4 months. On July 28, 1997, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, 3 months' confinement, and forfeiture of $600 pay per month for 4 months. On November 14, 1997, the Court of Criminal Appeals affirmed.

This Court, on February 12, 1998, granted review on the following issue assigned by appellant:

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR BY CONSIDERING CAPTAIN BRAUER'S TESTIMONY WHICH ELABORATED ON APPELLANT'S REHABILITATIVE POTENTIAL AND AMOUNTED TO AN OPINION THAT HE SHOULD BE DISCHARGED.

We hold that portions of the testimony of Captain Brauer were inadmissible under *United States v. Ohrt,* 28 MJ 301 (CMA 1989), and RCM 1001(b)(5)(D), Manual for Courts–Martial, United States (1995 ed.). Nevertheless, no plain error occurred in this case because this testimony did not materially prejudice appellant's substantial rights. *See United States v. Powell,* 49 MJ 460 (1998); *see also United States v. Hampton,* 40 MJ 457 (CMA 1994).

The record of trial in this case shows that appellant was a 23–year–old, divorced airman with approximately 21 months of active service. During this period of service, he compiled two Article 15s [1] (both for writing bad checks) and six letters of reprimand. On May 4, 1997, appellant received a written order from his first sergeant which restricted him to the confines of Lackland AFB. He violated that order by going off base with friends to a club. He also had some friends over to his dormitory room where he took two or three puffs from a marijuana cigarette.

Appellant's commander, Captain Kathryn Brauer, was called as a government witness on sentencing. She testified:

Q. Okay. Well, based on your experience as a supervisor, and your experience as a commander for a year, do you feel like you have an adequate basis to provide an opinion on the accused's rehabilitation potential?

A. Yes.

Q. And what would that opinion be?

DC: I would object, Your Honor, in that I believe a foundation has to be provided as to what kind of interaction she has had with the accused beyond just what others may tell her about the accused.

MJ: Foundation?

DC: Excuse me, sir?

MJ: Inadequate foundation?

DC: Yes, sir, that's what I'm saying, the foundational requirement here.

MJ: Response?

ATC: Your Honor, there has been testimony that she has been the accused's commander since March of this year, that there has been plenty of personal contact with the accused due to the misconduct that he's been engaging in, and the question asked her was to base an opinion on

---

1. Uniform Code of Military Justice, 10 USC § 815.

her experience as a commander and supervisory experience.

MJ: Yes, the objection is overruled.

Continued Questions by ATC:

Q. Again, Captain Brauer, based on your experience as a commander, and supervisory experience, you stated that you do have an opinion as to whether the accused is capable of rehabilitation. And what is your answer to that?

A. No.

Q. Tell me why.

A. We have tried. We have spent numerous hours counseling him. We have tried verbal counselings, letter of counselings, letter of reprimand, Article 15's, and they won't work. Base restriction didn't work. *I just wanted to administratively discharge him.* He wasn't able to conform to military life. He wasn't able to live up to the standards. *And I just wanted to administratively discharge him.*

He could not stay out of trouble long enough so that we could finish up the disciplinary actions and discharge him. We have—he has had a problem with alcohol that gets him into an enormous amount of trouble. We have had him over to the Alcohol Rehabilitation Treatment Center, and we've had a meeting over there, and he states that he wants—he wants to get over—

DC: Your Honor, I would object to this. If she, again, is hearing what Airman Williams may have stated to someone, and then she is now relaying it to the court, I would object to that as, again, being hearsay.

MJ: I also don't want to get into alcohol rehabilitation at all.

ATC: Yes, Your Honor.

MJ: In fact, let me note for the record, I'm not going to consider anything about alcohol rehabilitation at all.

Continued Questions by ATC:

Q. Without responding about alcohol rehabilitation and that subject, please continue telling us why you think the accused is not rehabilitative?

A. Because we've given him opportunities, and he verbally says that yes, he wants to do better, and he doesn't want to cause trouble, but his actions don't match his word. And we've given him several months and his record speaks for itself. When you look at his military records, and his personnel information file, he has been in trouble over the past year an uncountable number of times. We've given him an opportunity and he's failed.

(Emphasis added.)

Appellant asserted for the first time on appeal before the Court of Criminal Appeals that it was plain error to admit certain portions of Captain Brauer's testimony at his court-martial. He argued that her testimony concerning her prior desire to administratively discharge him was opinion testimony suggesting to the military judge that a punitive discharge would be appropriate punishment at this court-martial. The Government opposed this reading of Captain Brauer's testimony, arguing that her testimony on this matter was relevant to "demonstrate that [she] had the requisite knowledge of Appellant to provide testimony concerning his potential for rehabilitation." The lower appellate court found no plain error.

This Court has held that testimony from a commander recommending a punitive discharge to a court-martial sentencing authority is error. *Ohrt*, 28 MJ at 307. We have also prohibited command witnesses from employing "euphemisms, such as 'No potential for continued service'; 'He should be separated'; or the like [which] are just other ways of saying, 'Give the accused a punitive discharge.'" *Id.* at 305. We have not attempted to delineate every single euphemism which might be used for this impermissible purpose. Instead, in *United States v. Hampton*, we generally said that "an inferred assertion that [an accused] 'doesn't deserve to remain in the Army' can be rationally construed as an impermissible recommendation for a punitive discharge." 40 MJ at 459.

RCM 1001(b)(5), Manual, *supra* (1994 ed.), did not contain an *Ohrt*-type prohibition which limited the scope of "rehabilitative potential" testimony. The 1995 version of this rule, which is identical to the current version,

did. It defines "rehabilitative potential" as follows:

(5) *Evidence of rehabilitative potential.* Rehabilitative potential refers to the accused's potential to be restored, through vocational, correctional, or therapeutic training or other corrective measures to a useful and constructive place in society.

It also requires an evidentiary foundation before opinions of this type could be given. It states:

(B) *Foundation for opinion.* The witness or deponent providing opinion evidence regarding the accused's rehabilitative potential must possess sufficient information and knowledge about the accused to offer a rationally-based opinion that is helpful to the sentencing authority. Relevant information and knowledge include, but are not limited to, information and knowledge about the accused's character, performance of duty, moral fiber, determination to be rehabilitated, and nature and severity of the offense or offenses.

Finally, it expressly prohibits opinions on punishment, either direct or indirect. It reads:

(D) *Scope of opinion.* An opinion offered under this rule is limited to whether the accused has rehabilitative potential and to the magnitude or quality of any such potential. A witness may not offer an opinion regarding the appropriateness of a punitive discharge or whether the accused should be returned to the accused's unit.

 In appellant's case, Captain Brauer made clear her past intention that appellant be administratively discharged. Under *Ohrt* and its progeny, this termination-of-military-service testimony could be rationally construed as expressing her opinion that appellant should now be punitively discharged at this court-martial. *See United States v. Wilson*, 31 MJ 91, 94 (CMA 1990) (commander's testimony that he does not want accused back in unit was *Ohrt* euphemism). The Government's argument that Captain

Brauer's testimony in this regard was purely foundational (*see* RCM 1001(b)(5)(B)) is not well taken. This testimony was adduced after the defense's objection on foundational grounds had been rejected by the judge. Accordingly, *Ohrt* and RCM 1001(b)(5)(D) were violated in this case.

 Nonetheless, not all violations of *Ohrt* and RCM 1001(b)(5)(D) require sentence relief. *See United States v. Hampton, supra* (*Ohrt* error objected to at trial requires a showing of substantial prejudice before appellate relief may be granted). Here, appellant not only failed to object to Captain Brauer's testimony on the basis of these legal authorities (*see* RCM 801(g)), but the objectionable aspects of her testimony were implied and immersed within other adverse testimony from that commander which was admissible. *See United States v. Wilson, supra* (euphemism for recommending a punitive discharge found not to be plain error). Moreover, as noted recently by a majority of this Court, another requirement of our plain error doctrine is that "material prejudice to a substantial right" must be shown before plain error can be noticed. *See Powell*, 49 MJ at 465; *cf. United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[2]

 For several reasons, we find no such prejudice in this case. First, we note that this was a trial before a military judge alone, and we can presume the judge not only knew about *Ohrt* and RCM 1001(b)(5)(D), but that he afforded appellant his rights under them. *See United States v. Prevatte*, 40 MJ 396, 398 (CMA 1994). While an express disclaimer by a military judge of consideration of such evidence is preferable, it is not required. Neither its absence nor any other evidence in this case indicates that the judge considered this inadmissible evidence.

Second, other evidence was properly admitted in this case which amply demonstrated appellant's abysmal disciplinary record.

---

**2.** I disagreed with the majority's application of Article 59(a), UCMJ, 10 USC § 859(a), in the plain error context in *Powell. See* 49 MJ at 466.

I have not persuaded my colleagues to adopt my views on this matter.

*See* RCM 1001(b)(2) (permits evidence of accused's prior service). This evidence, in conjunction with his convictions, were the obvious material considerations which made the punitive discharge an appropriate punishment in this case. *See Hampton,* 40 MJ at 460 (*Ohrt* euphemism error harmless where poor service record shows no substantial possibility of prejudice). It also diminished the importance of appellant's right to preclude *Ohrt* euphemism evidence in his case.

■ Finally, as noted above, appellant did not particularly object to his commander's testimony on his suitability for administrative discharge. Such an omission was entirely consistent with his readily apparent sentencing strategy of accepting a minimum amount of confinement and forfeitures while trying to avoid a punitive discharge. Appellant was entitled to forgo or forfeit his rights under *Ohrt* and RCM 1001(b)(5)(D) in an effort to secure the sentence that he desired. *See Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (defendant has difficult choices to make in the criminal justice system).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.