# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### James G. SCHRADER,
### Chief Warrant Officer (W-2), U.S. Coast Guard

### CGCMG 0189

### Docket No. 1197

### 10 January 2005

General Court-Martial convened by Commander, Maintenance & Logistics Command Atlantic Area. Tried at Cape May, New Jersey, on 12 March 2003.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LCDR Ronald S. Horn, USCG |
| Defense Counsel: | LT Christopher V. Phan, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

### BEFORE
### PANEL FIVE
### BAUM, McCLELLAND, & HAMEL
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: two specifications of violating a lawful general regulation by wrongfully engaging in sexually intimate behavior with a female Third Class Petty Officer and a female Second Class Petty Officer at various locations at the U.S. Coast Guard Training Center Cape May, New Jersey, and two specifications of dereliction of duty by willfully failing to maintain a proper military relationship with a female Second Class Petty Officer and a female Seaman Apprentice, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of maltreatment of a female Seaman, in violation of Article 93, UCMJ; and two

specifications of wrongfully impeding an investigation into his alleged offenses, in violation of Article 134, UCMJ.

The judge sentenced Appellant to a dismissal from the service, confinement for forty-five days, and to be reprimanded. The adjudged sentence was unaffected by the pretrial agreement, and the Convening Authority approved the sentence, as adjudged.

Appellant has assigned two errors before this Court asserting that two of the guilty pleas were improvident. He contends that the plea of guilty to specification 4 of Charge I, dereliction of duty through failure to maintain a proper military relationship with a female Seaman Apprentice, was improvident because there was not an adequate factual basis to support the conclusion that a proper military relationship was harmed by Appellant's engaging the Seaman Apprentice in conversations pertaining to Appellant's personal, sexual, and romantic interests; and that Appellant's plea of guilty to Charge II, maltreatment of a female Seaman, was improvident because there was not an adequate factual basis to support his maltreating her by subjecting her to repeated offensive comments.

The standard of review applied by this Court in determining if the guilty plea is provident is whether the record presents a substantial basis in law and fact for questioning it. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). Our review of the record reveals that the full details of Appellant's conversations with the Seaman Apprentice and the Seaman were not developed by the judge during the providence inquiry. We have noticed that the judge in this case, as with many other judges, did not ask probing questions calling for answers that could have shown Appellant's clear guilt of each offense. The inquiry went no further than the stipulation of fact, which, in this case as well as most others we see, offered little more than a bare-bones recitation of the elements. All military judges should remind themselves that such stipulations, without a more detailed inquiry, are not an adequate factual basis supporting guilt. Furthermore, conclusory statements alone acknowledging guilt, without the facts establishing that guilt, will generally result in a deficient record. Not only must the facts be sufficient to demonstrate guilt to the accused and the military judge alike, the facts must also lead the appellate judges of this Court to a finding that Appellant's guilt is correct in fact as well as law and should be affirmed.

Article 66(c), UCMJ. An accused's statement that he is guilty is not enough, without facts fully developed in the record to support that guilt. *See* Rule for Court-Martial 910(e), Manual for Courts-Martial, United States, (2002 ed.); *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969); and *United States v. Sawinksi*, 16 M.J. 808 (N.M.C.M.R. 1983).

Having said this, we note that the record here offers little more concerning the specifications at issue than Appellant's acknowledgement of guilt together with a statement that he discussed personal sexual matters with one subordinate and read to another a scenario for satisfying a wife sexually. The details of what he said do not appear in the record. However, we are strongly influenced by the fact that the record establishes that these conversations were between Appellant, who at that time was a Chief Petty Officer, and his non-rated subordinates in the workplace. Even without the details of the conversations, a discussion of these subjects, initiated by a Chief Petty Officer with a female Seaman Apprentice and a female Seaman, constitutes dereliction of duty in the one instance and maltreatment in the other. For that reason, the assertion of improvident pleas is rejected. In so doing, however, we advise all military judges to concentrate on developing facts that should convince anyone reading the record of the accused's guilt of the charged offenses. Under circumstances that do not involve the kind of disparity in rank presented here, a failure to develop the specific content of the conversations could very well result in our finding guilty pleas unsupported.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judge McCLELLAND and Judge HAMEL concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court