# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Keith R. SKIDMORE,
### Machinery Technician Second Class (E-5), U.S. Coast Guard

## CGCMS 24314

## Docket No. 1242

## 29 March 2007

Special Court-Martial convened by Commander, Coast Guard Activities New York. Tried at New York, New York, on 15 March 2005.

| | |
|---|---|
| Military Judge: | LCDR William J. Shelton, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Defense Counsel: | LT Geraldo Padilla, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT D. Sean Baer, USCGR |

## BEFORE
## KANTOR, CAHILL, & LODGE
Appellate Military Judges

CAHILL, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongfully using cocaine, a Schedule II controlled substance, in violation of Article 112a, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and reduction to E-3. The Convening Authority approved the sentence as adjudged and suspended confinement in excess of sixty days until 4 November 2005, which was six months from the date Appellant was released from confinement, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant assigned the following errors:

I.  The military judge failed to elicit facts sufficient to show Appellant had used cocaine on divers occasions from 1 May 2001 to 15 November 2004.

II.  Appellant's plea was improvident because the military judge failed to ensure Appellant understood the meaning and effect of each condition of his pretrial agreement.

III.  The military judge committed plain error by admitting and considering improper opinion testimony of lack of rehabilitative potential in violation of R.C.M. 1001(b)(5).

IV.  The military judge abused his discretion by requiring defense counsel to inquire into specific acts regarding the issue of rehabilitative potential in violation of R.C.M. 1001(b)(5), thus improperly expanding the scope of the defense's cross-examination.

V.  The military judge committed plain error by admitting and considering trial counsel's improper argument on sentencing.

VI.  Appellant was denied a fair sentencing hearing by cumulative errors affecting the sentence.

For the reasons discussed below, we affirm the findings, set aside the sentence, and return the record of trial to the Convening Authority for further proceedings pursuant to this opinion.

**Sufficiency of Factual Basis for Plea**

It is well settled that the standard of review for determining if a guilty plea is provident is whether the record presents a substantial basis in law and fact for questioning it. *See, e.g., United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991). It is also well settled that the record must contain a sufficient factual basis to support a guilty plea. *See* Rule for Courts-Martial (R.C.M.) 910(e), Manual for Courts-Martial, United States (2005 ed.); *United States v. Care,* 18 USCMA 535, 40 C.M.R. 247 (1969).

Appellant entered pleas of guilty to the charge of violating Article 112a, UCMJ, and to one specification of using cocaine on divers occasions from on or about 1 May 2001 to 15 November 2004. After Appellant entered pleas, the military judge reviewed a two-page stipulation of fact with Appellant. Although the stipulation of fact included details of one

cocaine use in May 2004, it provided no factual basis for other uses beyond a simple admission that Appellant "used cocaine on 4 or 5 other occasions" during the period embraced by the specification to which Appellant pled guilty. (Prosecution Ex. 1. at 2.) In response to questions, Appellant indicated that he had read the stipulation and agreed with its contents. Appellant, the military judge, trial counsel, and defense counsel discussed a possible change to the stipulation regarding the details of Appellant's cocaine use in May 2004, but no changes were made. There was no further discussion of the provision in which Appellant admitted "4 or 5 occasions" of cocaine use, and the military judge did not elicit any additional facts to support the stipulation's conclusory statement concerning Appellant's cocaine use at times other than May 2004.

The military judge then informed Appellant that there were two elements to the charge and specification – that he used cocaine and that such use was wrongful. The military judge correctly informed Appellant that "wrongful" means without legal justification or authorization. However, he did not identify two additional elements required to establish a violation of Article 112a, UCMJ, as charged – that Appellant must have known that he was using cocaine and that the substance he used was cocaine or of a contraband nature. *United States v. Mance*, 26 M.J. 244 (C.M.A. 1988), *cert. denied,* 488 U.S. 942, 109 S. Ct. 367, 102 L. Ed. 2d 356 (U.S. Nov. 7, 1988) (No. 88-456). He also did not refer to any specific instances or numbers of cocaine uses nor did he define or use the word "divers" as part of the elements of the offense. The military judge then questioned Appellant about his cocaine use in May 2004. He established that Appellant had knowledge of the appearance and effects of cocaine based on prior cocaine use, and that he had no legal authority to use cocaine in May 2004.

The military judge then repeated that the stipulation of fact said Appellant used cocaine "at least four or five times in a 4-year period," and asked Appellant if there were "any other instances you want to tell me about." (R. at 30.) Appellant responded, "No, sir." *Id.* The military judge then told Appellant that, based on the charge and the stipulation of fact, Appellant only needed to admit on the record having used cocaine on four or five other occasions and it was not necessary for Appellant to tell him about any other specific instances of cocaine use. He then asked Appellant whether he admitted that he used cocaine at least four or five times, and Appellant replied, "Yes, sir." (R. at 31.) Appellant also responded affirmatively when asked if

he was aware that what he was using was cocaine and that cocaine use was illegal. During further questioning, Appellant admitted that he used cocaine on several occasions. He also admitted that he knew what cocaine looked like, that he knew the effects of cocaine, that the cocaine had a similar appearance each time he used it, and that it had a similar effect on him following each use. The military judge then accepted Appellant's guilty plea.

The military judge erred when he failed to fully inform Appellant of the elements of the charge and that the specification alleged cocaine use on divers occasions. He also erred when he informed Appellant that Appellant was only required to admit cocaine use on four or five occasions but did not need to establish a factual basis for those additional uses. Therefore, we may affirm Appellant's guilt only if "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992) (*citing* Article 45(a), UCMJ). Similarly, we may not affirm a finding based solely upon an accused's statement of a legal conclusion that he or she is guilty of an offense. *United States v. Schrader*, 60 M.J. 830, 831 (C.G.Ct.Crim.App. 2005); *United States v. Halsey*, 62 M.J. 681, 686 (C.G.Ct.Crim.App. 2006).

First, we find that the record provides an ample factual basis that Appellant used cocaine in May 2004 with full knowledge that he was using cocaine, that he knew the substance he used was cocaine or a contraband substance, and that such use was wrongful. However, he was charged with and pled guilty to using cocaine on divers occasions.

Applying the commonly accepted meaning of "divers," we must determine if the record provides a substantial basis for questioning Appellant's guilty plea to the charge of using cocaine on more than one occasion. It is clear from the record that Appellant knew he was charged with using cocaine on more than one occasion, and he freely admitted using cocaine on occasions other than in May 2004. He acknowledged that the substance he used on each occasion had the appearance of cocaine, that he was aware he was using cocaine, and that he experienced an effect consistent with cocaine use. These admissions, combined with his admitted use of cocaine in May 2004, provide a sufficient factual basis to establish that Appellant knowingly used cocaine on more than one occasion. Appellant also acknowledged his awareness that use of cocaine was

illegal. Although knowledge of illegality is not required and a bare admission that an act is illegal will not sustain a guilty plea, we believe that this admission, in context, provides a sufficient factual basis to conclude that Appellant's use of cocaine was wrongful. Therefore, based on a review of the entire record, we reject Appellant's first assignment of error and find that there is a sufficient factual basis for Appellant's guilty plea to using cocaine on divers occasions.

### Failure to Ensure Understanding of Terms of Pretrial Agreement

As we have frequently noted, R.C.M. 910(f)(4) requires the military judge to ensure that an accused understands the terms of a pretrial agreement and that the parties agree to those terms. Appellant asserts that the military judge failed to adequately explain the provisions of the pretrial agreement involving the effects of misconduct and failure to cooperate in other prosecutions. Alleged failures to adequately explain pretrial agreements have been a fertile ground for appellate litigation within the Coast Guard. *See*, *e.g., United States v. Hunter*, 64 M.J. 571 (C.G.Ct.Crim.App. 2007); *United States v. James*, 64 M.J. 514 (C.G.Ct.Crim.App. 2006); *United States v. Sheehan*, 62 M.J. 568 (C.G.Ct.Crim.App. 2005); *United States v. Gonzalez*, 61 M.J. 633 (C.G.Ct.Crim.App. 2005); *United States v. Walters*, 61 M.J. 637, 639 (C.G.Ct.Crim.App. 2005); *United States v. Cockrell*, 60 M.J. 501 (C.G.Ct.Crim.App. 2004).

Appellant and the Convening Authority entered into a pretrial agreement. Among the terms of the agreement, Appellant agreed to plead guilty to the charge and one specification of cocaine use. The Convening Authority agreed to suspend execution of confinement in excess of sixty days for a period of six months following Appellant's release from confinement and to withdraw and dismiss three other specifications alleging introduction and distribution of cocaine and use of marijuana "without prejudice" upon announcement of the military judge's findings.

During a review of the pretrial agreement, the military judge discussed the potential effects of future misconduct and Appellant's obligation under a specially-negotiated provision to cooperate in subsequent investigations and prosecutions of others involved in illegal drug use. Inexplicably, some of these discussions occurred during an off-the-record conference pursuant to R.C.M. 802. The military judge incorrectly informed Appellant that a violation of the terms of

the pretrial agreement would "nullify" the agreement rather than permit the Convening Authority, after following certain procedural steps, to not be bound by the sentence limitation provisions of the agreement.

The military judge's failure to correctly advise Appellant of the effects of the pretrial agreement was error. However, we must also determine if Appellant's substantial rights were prejudiced as a result of that error. *United States v. Felder*, 59 M.J. 444, 446 (C.A.A.F. 2004). As we have previously held, we must determine whether Appellant would have withdrawn his plea of guilty and proceeded with a contested trial if the terms of the pretrial agreement had been correctly explained. *See, e.g.*, *Hunter*, 64 M.J. at 573-74; *Gonzalez*, 61 M.J. at 636.

According to the record, the Convening Authority's action complied with the terms of the pretrial agreement. Appellant does not ask to withdraw his guilty plea due to an incorrect understanding of the agreement, nor has he asserted that the Convening Authority has acted to vacate any of the suspended confinement or taken any other actions that may have been authorized. We note that the period of suspension has expired. Therefore, we believe Appellant was not prejudiced due to the military judge's failure to adequately review the pretrial agreement, and we reject Appellant's second assignment of error.

### Errors During the Presentencing Phase of the Trial

Assignments of Error III through VI, collectively, allege that the military judge improperly admitted or allowed certain evidence and argument during the presentencing proceedings. Appellant's counsel did not object at trial, so we must determine if the military judge committed error and, if so, whether such error constitutes plain error that affected Appellant's substantial rights. We reject Assignment of Error IV concerning scope of cross-examination. Military Rule of Evidence 611(a) and (b) gives a military judge significant discretion over witness testimony and the scope of cross-examination. A military judge may also directly question a witness, but "must take care not to become an advocate for either party." *United States v. Foster*, 64 M.J. 331, 333 (C.A.A.F. 2007) (*citing United States v. Ramos*, 42 M.J. 392, 396 (C.A.A.F. 1995)). Despite defense counsel's efforts to narrow his questions concerning the witness' basis for his opinion on Appellant's rehabilitative potential, that door

was opened, and subsequent questions concerning that opinion were not inappropriate. The military judge did not abuse his discretion when he permitted inquiry into Appellant's pretrial statements indicating his attitude toward his offenses and the military justice process.

The record reflects a failure to understand and properly apply the provisions of R.C.M. 1001 concerning "rehabilitative potential" and matters in aggravation. "[A] trial counsel may present evidence as to any aggravating circumstances *directly relating to or resulting from the offenses of which the accused has been found guilty*." R.C.M. 1001(b)(4) (emphasis added). Such evidence may include the impact on any victim or "evidence of *significant adverse impact* on the mission, discipline, or efficiency of the command *directly and immediately resulting from the accused's offense*." *Id.* (emphasis added). R.C.M. 1001(g) permits counsel to argue for an appropriate sentence after "introduction of matters relating to sentence under this rule." A trial counsel's argument may only address evidence that has been properly admitted and "such fair inferences as may be drawn therefrom." *United States v. White*, 36 M.J. 306, 308 (C.M.A. 1993) (*quoting United States v. Nelson*, 1 M.J. 235, 239-40 (C.M.A. 1975)).

R.C.M. 1001(b)(5) permits a trial counsel to introduce evidence of an "accused's potential to be restored, through vocational, correctional, or therapeutic training or other corrective measures to a useful and constructive place *in society*" (emphasis added). Such evidence may be offered in the form of an opinion if a witness has sufficient personal knowledge and information to rationally offer such an opinion. R.C.M. 1001(b)(5)(A)-(B). However, a witness may not offer an opinion regarding the appropriateness of a punitive discharge. R.C.M. 1001(b)(5)(D); *United States v. Williams*, 50 M.J. 397, 400 (C.A.A.F. 1999).

After the military judge entered findings based on Appellant's pleas, trial counsel called Appellant's supervisor, a senior chief petty officer, to testify. After establishing that the witness had been Appellant's supervisor for approximately four months, trial counsel asked him if he had formed an opinion as to Appellant's rehabilitative potential. The witness replied that he believed Appellant's potential for "rehabilitation within the Coast Guard" was "questionable at best." (R. at 58.)

During cross-examination, the witness testified that Appellant's performance had been satisfactory, but his opinion was based on the charges and that he did not "believe that anyone who does drugs should remain in the Coast Guard." (R. at 61.) During further questioning, the witness testified that Appellant made certain statements prior to the trial that indicated a cavalier attitude toward his offenses and the military justice process. Trial counsel further explored those statements on redirect examination, and they became the focus of further cross-examination. Trial counsel also presented evidence, primarily through the stipulation of fact, that Appellant was qualified as a Coast Guard boarding officer at the time his offenses were discovered.

Appellant then called his former supervisor, a chief petty officer; offered documentary evidence that included written statements from former co-workers and excerpts from Appellant's service record; and made an unsworn statement. Trial counsel objected to Appellant's documentary evidence as hearsay. The military judge did not expressly rule on defense counsel's motion to relax the rules of evidence under R.C.M. 1001(c)(3), but later admitted all of the offered evidence prior to closing the court for deliberations on sentence. During direct examination of Appellant's former supervisor, defense counsel asked him if Appellant "ha[d] rehabilitative potential to stay in the Coast Guard." (R. at 79.) The witness replied that Appellant had a "good work ethic," was "salvageable" even if not in the Coast Guard, and could better himself in the future. *Id.*

During argument on sentence, trial counsel repeatedly referred to Appellant's qualifications and experience as a boarding officer and law enforcement officer as an aggravating circumstance. He also argued that Appellant's cavalier statements about the trial indicated a lack of remorse. Trial counsel then asked for a sentence of a bad-conduct discharge, confinement for seven months, and reduction to E-1. Defense counsel asked that the sentence include not more than confinement for thirty days, but focused primarily on not imposing a punitive discharge and allowing Appellant to return to duty.

Trial counsel's questioning concerning Appellant's rehabilitative potential clearly equated rehabilitative potential with a punitive discharge and was therefore improper. *See United States v. Warner*, 59 M.J. 590, 594-95 (C.G.Ct.Crim.App. 2003); *United States v. Ohrt*,

28 M.J. 301, 303 (C.M.A. 1989). We hold that admission of such evidence constitutes plain error. We must now determine whether Appellant's substantial rights were prejudiced by this error. Unlike the circumstances in *Warner*, 59 M.J. at 595, in which we found trial counsel's improper questioning on cross-examination to be harmless because a defense witness did not change his favorable opinion, this was a centerpiece of trial counsel's sentencing presentation. It was not harmless.

We also hold that evidence of Appellant's duties as a boarding officer was improperly admitted as evidence in aggravation, and that such admission also constitutes plain error. Evidence in aggravation must be directly related to the offenses for which an accused was found guilty, and "directly related" is a higher standard than "mere relevance." *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007) (*citing United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)) (holding that pre-service drug use was improperly admitted as evidence in aggravation). The evidence indicates that Appellant used cocaine while in a liberty status and not while in the performance of his duties as a boarding officer. There is also no evidence that Appellant's duties facilitated the commission of the offense in any way. Trial counsel introduced no evidence to indicate that Appellant's offenses immediately resulted in a significant adverse impact on his unit. Therefore, Appellant's cocaine use was not "directly related" to his duties as a boarding officer, and the military judge erred by admitting evidence of his duties as evidence in aggravation. It was also an improper basis for counsel's argument.

Appellate courts generally presume that military judges know the law and apply it correctly. *United States v. Raya*, 45 M.J. 251, 253 (C.A.A.F. 1996); *United States v. Prevatte*, 40 M.J. 396, 398 (C.M.A. 1994). Based on the record, we believe that the evidentiary errors discussed above improperly influenced the military judge's sentence determination and decline to apply that presumption in this case. If we believe we are able to determine the sentence that the military judge would have adjudged but for these errors, we may reassess and affirm such a sentence. However, we must order a rehearing on sentence if we are unable to determine what that sentence would have been. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). As the errors relate directly to the sentence determination, we do not believe we can accurately reassess the sentence.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty are affirmed.  The sentence is set aside, and a rehearing on sentence is authorized.  Upon completion of final action by the Convening Authority, whether or not a rehearing is held, the record of trial will be returned to this Court for further review.

Judge KANTOR concurs.

LODGE, Judge (concurring in part, dissenting in part):

I concur with the opinion above in all respects except with regard to the Sufficiency of Factual Basis for Plea (Assignment of Error I).  I concur with the majority that the standard for determining if a guilty plea is provident is whether the record presents a substantial basis in law and fact for questioning it.  *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).  As stated by the majority, it is also well settled that the record must contain a sufficient factual basis to support a guilty plea.  *See* Rule for Courts-Martial (R.C.M.) 910(e), Manual for Courts-Martial, United States (2005 ed.); *United States v. Care,* 18 USCMA 535, 40 C.M.R. 247 (1969).  Most importantly, a bare-bones stipulation of fact, standing alone, does not provide an adequate factual basis to support a finding of guilt.  *United States v. Schrader*, 60 M.J. 830, 831 (C.G.Ct.Crim.App. 2005).

Unfortunately, the record in this case is devoid of facts that would support the specification of using cocaine on divers occasions from on or about 1 May 2001 to 15 November 2004.  While it is true that the stipulation of fact states the summary conclusion that Appellant used cocaine on divers occasions, this alone is inadequate to provide a sufficient factual basis for a proper providence inquiry.  *See Schrader*, 60 M.J. at 831.  The majority admits that the military judge failed to question Appellant and further develop the record in support of this specification, yet finds adequate evidence in the remaining questions about the wrongfulness of cocaine use, as well as Appellant's admissions that he had knowledge of both the appearance and effects of

cocaine based on prior use. I do not believe this line of questioning provides any details to support the facts and circumstances surrounding the divers occasions specification.

Based on a reading of the record, I would find the factual basis for the specification of cocaine use on divers occasions inadequate to support a finding of guilty, and set aside this plea. I would also encourage military judges to not rely on bare-bones stipulations of fact to provide an adequate factual basis for charged offenses, but instead more fully develop the record by allowing the accused to provide the facts and circumstances surrounding each offense.



For the Court,

Jane R. Lim
Clerk of the Court