# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Justin A. HARRIS,
### Information Systems Technician Second Class (E-5), U.S. Coast Guard

### CGCMS 24369

### Docket No. 1279

### 17 October 2008

Special Court-Martial convened by Commander, Maintenance & Logistics Command Pacific. Tried at Alameda, California, on 11 January 2007.

| | |
|---|---|
| Military Judge: | CDR Andrew Norris, USCG |
| Trial Counsel: | LT Jonathan A. Alexander, USCG |
| Detailed Defense Counsel: | LT Michael J. Melocowsky, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR Patrick M. Flynn, USCG |

## BEFORE
## McCLELLAND, LODGE & KENNEY
Appellate Military Judges

LODGE, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification each of wrongfully distributing MDMA (ecstasy), wrongfully using MDMA (ecstasy), and wrongfully using cocaine, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ); and one specification of making a false official statement, in violation of Article 107, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for ninety days, forfeiture of $800 per month for three months, and reduction to E-1. The Convening Authority approved the sentence as adjudged and suspended confinement in excess of sixty days for a period of twelve months from the date of the Convening Authority's action, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant has assigned the following three errors:

I.    The adjudged sentence is ambiguous in that it was modified from forfeitures of $1000 per month for three months to forfeitures of $800 per month, and this ambiguity should be resolved in Appellant's favor.

II.   The military judge committed plain error in admitting and considering evidence of USCGC MUNRO's mission of drug interdiction, in violation of R.C.M. 1001(b)(4), because it did not relate to or result from the offense, and in considering trial counsel's improper argument that Appellant should be punished because Appellant took part in and was thus aware of the Coast Guard's law enforcement mission.

III.  An unsuspended punitive discharge is inappropriately severe in this case.

### Ambiguity of Adjudged Forfeitures

Article 19, UCMJ, 10 U.S.C. § 819, establishes the sentencing authority of special courts-martial. At the time of trial, Article 19, UCMJ, provided, "Special courts-martial may, under such limitations as the President may prescribe, adjudge any punishment not forbidden by this chapter except . . . forfeiture of pay exceeding two-thirds pay per month . . . for more than one year." Rule for Courts-Martial (R.C.M.) 1003(b)(2), Manual for Courts-Martial, United States (2005 ed.), requires that "a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number of months the forfeitures will last."

The military judge originally announced the adjudged forfeiture as "forfeiture of $1,000 per month for three months," and also reduced the accused to the new pay grade of E-1. This rendition of the sentence contained no ambiguity. After announcing the adjournment of the court-martial, the military judge and counsel recognized that the announced $1,000 per month forfeiture exceeded the maximum allowable two-thirds pay of an E-1, Appellant's new pay grade. The military judge convened a post-trial Article 39(a) session, and announced a modification to the sentence, as follows:

> The modification will be in the amount of forfeitures. Instead of $1,000 per month, the adjudged forfeiture will be $800 per month. All other aspects of the adjudged sentence remain as previously announced.

(R. at 101.)

Appellant argues that the military judge created an ambiguity when he failed to specify the duration of the new forfeiture. We disagree.

There are no cases directly on point. Our sister service courts have ruled that where the adjudged forfeiture fails to specify the duration of the forfeiture, the sentence will be reduced to forfeiture for a single month. *United States v. Hancock*, 7 M.J. 857 (A.C.M.R. 1979); *United States v. Garman*, 59 M.J. 677 (A.Ct.Crim.App. 2003); *United States v. Ogden*, 41 C.M.R. 790 (N.C.M.R.1969), *rev'd on other grounds*, 43 C.M.R. 33 (C.M.A. 1970). This Court has taken a similarly restrictive view of failure to include the words "per month" in a sentence. *See United States v. Burkett*, 57 M.J. 618 (C.G.Ct.Crim.App. 2002).

In the present case, the military judge could have been clearer in announcing the modified forfeitures. However, it is clear that the intent of the new sentence was to ensure the adjudged forfeitures did not exceed the authorized forfeiture amount under Article 19, UCMJ. We believe the language following the announced change in monetary amount, when the military judge stated that "all other aspects of the adjudged sentence remain as previously announced," added the time limitation "for three months" to the modified sentence. There is no ambiguity in the modified adjudged forfeitures when read in concert with the originally announced sentence.

### Improper Aggravation

Admission by the military judge of improper evidence in aggravation without objection by defense at trial is reviewed for plain error. *United States v. Powell*, 49 M.J. 460 (C.A.A.F. 1998); *United States v. Fay*, 59 M.J. 747 (C.G.Ct.Crim.App. 2004). To establish plain error, an appellant must show (1) that there was error, (2) that the error was plain or obvious, and (3) that the error materially prejudiced one of his substantial rights. *United States v. Bungert*, 62 M.J. 346 (C.A.A.F. 2006) (citing *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005)). Similarly, where the defense fails to object to an improper argument, the argument is reviewed for plain error. *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001).

During the presentencing portion of the trial, the Government called LT James Terrell, the Operations Officer of USCGC MUNRO, Appellant's unit at the time of the offenses. Among other things, LT Terrell testified that Appellant held a security clearance and worked with classified security communications systems. Once suspected of the offenses to which he pled guilty at trial, Appellant was removed from his duties and assigned off the ship. As a result of this transfer, LT Terrell's division was short one member. Appellant's replacement was ordered to make a 90-day patrol aboard MUNRO, and was therefore unable to provide assistance to his pregnant wife.[1] LT Terrell went on to testify that on MUNRO's previous patrol, and before Appellant's drug use was discovered, MUNRO had engaged in a counter-narcotics patrol in the Eastern Pacific Ocean, and the ship had interdicted two shipments of illegal cocaine. LT Terrell continued that he was personally appalled to learn of Appellant's drug use, as it was wholly inconsistent with the counter-narcotics mission of the MUNRO, and opined that as a result of Appellant's drug use, the entire counter-narcotics patrol was "a waste." (R. at 71-77.) The record reveals no testimony or other evidence of Appellant's training, qualifications or duties with respect to the MUNRO's counter-narcotics mission. Trial counsel commented on this portion of LT Terrell's testimony in closing argument.

R.C.M. 1001(b)(4) allows trial counsel to "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Such evidence may include the impact on any victim or "evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense." Maritime law enforcement is one of the foundational missions of the Coast Guard. The authority to conduct that mission has been in place since the beginning of the Revenue Cutter Service in 1790, and gives the Coast Guard jurisdiction to enforce all federal laws upon the high seas and the waters over which the United States has jurisdiction. 14 U.S.C. § 89(a). Included within the body of law the Coast Guard is empowered to enforce is the Maritime Drug Law Enforcement Act of 1990, now codified at 46 U.S.C. ch. 705.[2] The Coast Guard's efforts in the enforcement of that and other drug-related statutes are well documented in Federal case law. *See*, *e.g.*, *United States v. Vilches-Navarrete*,

---

[1] Appellant testified that he would have missed the patrol in any event because of a medical condition. (R. at 81.)
[2] Formerly found at 46 U.S.C. App. 1901 et seq.

413 F. Supp. 2d 60 (D.P.R. 2006); *U.S. v. Bravo*, 489 F.3d 1 (1st Cir. 2007), *cert. denied*, 128 S. Ct. 344 (2007), *cert. denied*, 128 S. Ct. 414 (2007). Given the Coast Guard's well-established link with federal counter-narcotics enforcement efforts, it is natural that government counsel would seek to link drug use by Coast Guard personnel with the mission itself. But as we recognized in *United States v. Skidmore*, 64 M.J. 655 (C.G.Ct.Crim.App. 2007), those linkages cannot be made universally; R.C.M. 1001(b)(4) requires more.

In *Skidmore*, trial counsel argued that the accused's status as a boarding officer was an aggravating factor for a violation of Article 112a, UCMJ. We held such argument improper because there was no evidence linking the accused's drug use with his boarding officer status, and trial counsel "introduced no evidence to indicate that Appellant's offenses immediately resulted in a significant adverse impact on his unit. Therefore, Appellant's cocaine use was not 'directly related' to his duties as a boarding officer, and the military judge erred by admitting evidence of his duties as evidence in aggravation." *Id.* at 661.

*Skidmore* noted the absence of evidence showing that the accused's drug use had a significant adverse impact, on his unit's federal law enforcement mission or otherwise, directly and immediately resulting from that drug use. *Id. Skidmore* does not say that the Government is precluded from introducing such evidence. In this case, trial counsel provided the necessary linkage between Appellant's drug offenses and impact on the command when LT Terrell testified that his morale was affected when he learned that Appellant was a drug user ("It's appalling to me."). The military judge could have inferred from this evidence that the morale of the entire unit was similarly affected, to the likely detriment of its mission, discipline, or efficiency. It was therefore not error for the military judge to admit this evidence as proper aggravation evidence under R.C.M. 1001(b)(4). Likewise, trial counsel's reliance upon such testimony in argument was also not error.

Accordingly, assignment two is rejected.[3]

---

[3] Even if the evidence and argument were improper, it did not materially prejudice Appellant. In our view, the sentence would have been the same had the Government not called MUNRO's Operations Officer as a witness.

**Inappropriately Severe Punishment**

Appellant asks this court to disapprove his punitive discharge because, *inter alia*, there exists a disparity between Appellant's sentence and the treatment of his co-actors. He points out that review of sentence appropriateness includes review for uniformity of sentences across the military. *United States v. Lacy*, 50 M.J. 286, 287-88 (C.A.A.F. 1999). The "sentence review function … is highly discretionary," but Courts of Criminal Appeals must engage in sentence comparison in closely related cases where disparate sentences are adjudged. *Id.* at 288.

Assuming Appellant's assertions about the other cases are true, and include all relevant information, he has not established that the other cases are "closely related" and therefore we decline to engage in sentence comparison.

There were four Coast Guard members who were mentioned in connection with one or more of Appellant's crimes. According to Appellant's trial defense counsel, OS3 Jacoby Kerr introduced cocaine to Appellant, and received an honorable discharge from the Coast Guard.[4] ET2 Ryan Stewart introduced Appellant to MDMA, and received protection from a bad-conduct discharge at his court-martial.[5] SN Ronald Lyle, whose criminal activity is unclear, did not face court-martial.[6] OS2 Geena Young, whose criminal activity is unknown, received "little, if any, brig time."[7] (Defense counsel's memorandum dated 14 February 2007 pursuant to R.C.M. 1105.) Appellant, on the other hand, pleaded guilty to use and distribution of MDMA, use of cocaine, and making a false official statement – a larger number and greater variety of offenses than anyone else listed appears to have committed. We do not find the case at bar to be similar or closely related to any of the four cases cited by Appellant, and will not engage in sentence comparison with non-similar cases.[8]

---

[4] According to the record of trial, Petty Officer Kerr was the driver to the bar at which Appellant used cocaine. (R. at 32.) Petty Officer Kerr was also the recipient of the MDMA that Appellant distributed, and he used the MDMA Appellant gave him. (R. at 20-23.)

[5] According to the record of trial, Petty Officer Stewart was the driver and knew where to find the dealer from whom Appellant bought MDMA. (R. at 26-28.)

[6] According to the record of trial, Appellant met Seaman Lyle and his civilian friend "Barrett" in a bar, where the friend gave Appellant cocaine. (R. at 32-33.)

[7] According to the record of trial, Petty Officer Young was present when Appellant pretended to use the MDMA that he later gave to Petty Officer Kerr. (R. at 43.)

[8] If we did find the cases cited in the Appellate brief to be "closely related," proper sentence comparison would require an examination of relevant records. Counsel has provided only limited information, and no reliable

Considering the entire record before us, we find Appellant's sentence, including the bad-conduct discharge, appropriate in this case.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge McCLELLAND and Judge KENNEY concur.



For the Court,

Ryan M. Gray
Clerk of the Court

---

evidence, as to either criminal conduct of other Coast Guard members or the basis for the dispositions of their cases. Records concerning them are not available to us, and we refuse to speculate in the absence of evidence.