# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Issac L. MCDONALD
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24383

## Docket No. 1294

## April 24, 2009

Special Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at San Diego, California, on 24 July 2007.

| | |
|---|---|
| Military Judge: | CDR Stephen P. McCleary, USCG |
| Trial Counsel: | LT Austin D. Shutt, USCGR |
| Assistant Trial Counsel: | LCDR Stephen J. Adler, USCG |
| Defense Counsel: | LTJG Daniel C. LaPenta, JAGC, USNR |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LT Alfred J. Thompson, USCGR |

## BEFORE
## McCLELLAND, KENNEY & TOUSLEY
### Appellate Military Judges

TOUSLEY, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: three specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of missing movement, in violation of Article 87, UCMJ; one specification of wrongfully using marijuana, in violation of Article 112a, UCMJ; and one specification of disrespect toward a superior commissioned officer, in violation of Article 89, UCMJ. The military judge sentenced Appellant to confinement for nine months and a bad-conduct discharge. The Convening Authority approved the sentence as adjudged but, pursuant to the pretrial agreement, suspended all confinement in excess of 180 days for twelve months from the date of the Convening Authority's action.

Before this Court, Appellant has assigned as error (1) that Appellant's plea to Charge II is improvident because Appellant did not have actual knowledge of the scheduled movement, and (2) that the military judge committed plain error by admitting and considering trial counsel's improper argument on sentencing.

The Government concedes that the Appellant's pleas to Charge II and its specification, missing movement, in violation of Article 87, UCMJ, were improvident and we set aside the findings thereon. The Appellant seeks a reassessment of the overall sentence in light of this concession. We reassess the sentence and reject the Appellant's other assignment of error. The other findings and the sentence are determined to be correct in law and fact and we affirm.

### "Enhanced Sentence" for Missing Movement

Appellant asserts that the sentence should be reassessed in light of the Government's conceding Charge II and its specification because an Article 87, UCMJ, missing movement charge is a more severe unauthorized absence charge meant to offer an increased punishment over a typical Article 86, UCMJ, unauthorized absence (UA) charge. Appellant notes that a missing movement offense carries a maximum punishment of a dishonorable discharge and two years of confinement while the maximum punishment for an unauthorized absence offense is a dishonorable discharge and one year of confinement.

We may affirm only so much of the sentence as we believe the military judge would have adjudged in the absence of the finding we are setting aside; if we are unable to determine what that would have been, we must order a rehearing on sentence. *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). Notwithstanding Appellant's argument based on maximum punishments, we are certain the military judge would have adjudged the same sentence in this case even without the missing movement charge.

### Improper Argument

Appellant asserts that the trial counsel's argument during sentencing before the military judge sitting alone was improper because it violated Rule for Courts-Martial (R.C.M.) 1001(b)(4), Manual for Courts-Martial, United States (2005 ed.).

The standard for determining the appropriateness of an argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused. *United States v. Baer,* 53 M.J. 235, 237 (C.A.A.F. 2000). Where the defense fails to object to an argument, as was the case here, the court will grant relief for an improper argument only if it amounts to plain error. *United States v. Gilley,* 56 M.J. 113, 123 (C.A.A.F. 2001). To establish plain error, the appellant must show (1) that there was error, (2) that the error was plain or obvious, and (3) that the error materially prejudiced one of Appellant's substantial rights. *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005).

Appellant relies on *United States v. Skidmore,* 64 M.J. 655 (C.G.Ct.Crim.App. 2007) to support the conclusion that the argument at issue amounts to plain error. In *Skidmore,* this Court held that it was plain error for the trial court to hear evidence and argument on the fact that the accused was a boarding officer because that fact was not "directly related" to the single drug use offense charged in that case. *Id.* at 661 (citing *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F 2007)).

*Skidmore* provides guidance to trial counsel presenting and arguing evidence in aggravation in drug cases, but it is factually distinguishable from the instant case, which is not only about a single drug charge but is also about an extended unauthorized absence and other offenses as well. In the instant case, evidence was presented to indicate that Appellant's long UA resulted in an adverse impact on his unit. The unit had trained Appellant and had vested valued trust and responsibility in him as a leading seaman in deck department and as a boarding team member. (R. at 146.) His absence caused a significant impact on his shipmates who had to cover for his regular deck department and boarding team duties through challenging, extended underway periods. (R. at 147.) His supervisor further testified:

> Q. BM2, you're also aware that Seaman McDonald has pled guilty today to wrongful use of a controlled substance. Is that right?

A. You told me about that the other day when you called me. That was the first I heard of it.

Q. And what's--what is the SHERMAN'S mission as--as it respects drug use or interdiction?

A. One of the top ones is counter-narcotics down on south patrols.

Q. And did the loss of Seaman McDonald affect that mission at all?

A. Yeah, you have watch-standing crew fatigue down there. It's long days, long nights, long 90 days. So----

TC: I have no further questions at this point.

(R. at 148.) This evidence was properly admitted; Appellant does not argue otherwise.


In *United States v. Harris,* 67 M.J. 550 (C.G.C.C.A. 2008), this Court elaborated on its holding in *Skidmore.* In *Skidmore*, this Court held that the government's attempt to use the appellant's duties as a boarding officer in aggravation under R.C.M. 1001(b)(4), in the complete absence of evidence linking the appellant's drug use to the law enforcement mission, did not present evidence of significant adverse impact on the mission, discipline, or efficiency of the command or any of the other factors in R.C.M.1001(b)(4) and was plain error. *Skidmore* at 661. In *Harris,* we held that certain evidence linking the appellant's drug use to his unit's law enforcement mission was sufficient to meet the terms of R.C.M. 1001(b)(4). In that case, an officer testified that his morale was affected by Harris's drug use and thus the drug use impacted the unit's law enforcement mission. *Harris* at 553. We view the present case in the light of these two previous cases.


Appellant asserts that the following sentencing argument by trial counsel was improper:

ATC: While the SHERMAN was successfully operating, Seaman McDonald was using drugs, smoking marijuana with his friends at a backyard barbecue while on an unauthorized absence. Seaman McDonald's use of illegal drugs simply flies in the face of the Coast Guard's law enforcement mission, his qualification as a boarding team member, and the work that his shipmates do on board the SHERMAN. His drug use alone **and the impact that it has on our service and the unit of CUTTER SHERMAN as a law enforcement cutter** deserves a bad conduct discharge.

(R. at 208) (emphasis added). Appellant asserts that this statement violated this Court's guidance in *Skidmore,* that it was plain error for the military judge to have permitted it, and that it caused prejudice to the Appellant. We disagree.

In the bolded language above, trial counsel improperly links Appellant's status as a boarding team member to his marijuana offense. It was proper for trial counsel to argue that Appellant's status as a boarding team member aggravated his unauthorized absence from the cutter. Evidence from Appellant's supervisor, set forth above, supported this argument. The supervisor's testimony does not, however, link Appellant's drug use to the unit's law enforcement mission. Appellant's supervisor wasn't even aware of the drug use charge until shortly before Appellant's trial. The bolded language above thus argues facts not in evidence and is improper argument. However, it was a small part of the argument amid other portions that were proper. We cannot say it was plain or obvious.

What's more, although a small part of the argument was improper, plain error before a military judge sitting alone is rare. *United States v. Raya,* 45 M.J. 251, 253-54 (C.A.A.F 1996). Military judges are presumed to know the law, apply it correctly and disregard improper argument, if any exists. *See United States v. Rodriguez,* 60 M.J. 87, 90 (C.A.A.F. 2004). This Court does not see any possible prejudice from the trial counsel's argument and does not grant relief.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge II and its specification, missing movement, in violation of Article 87, UCMJ, are set aside. The other findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, those findings of guilty and the sentence, as approved and partially suspended below, are affirmed.

Chief Judge MCCLELLAND and Judge KENNEY concur.



For the Court,


Ryan M. Gray
Clerk of the Court