# UNITED STATES

### v.

### Airman Basic Angela N. GATEWOOD, United States Air Force.

### ACM 36722.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 30 Jan. 2006.

30 July 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Major Chadwick A. Conn.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Major Nurit Anderson.

Before SCHOLZ, JACOBSON, and THOMPSON, Appellate Military Judges.

PER CURIAM:

The appellant was found guilty, in accordance with her pleas, of three specifications of larceny of United States currency of a value greater than $500.00 and one specification of wrongfully uttering checks with intent to defraud, in violation of Articles 121 and 123a, UCMJ, 10 U.S.C. §§ 921, 923a. The military judge, sitting alone as a general court-martial, sentenced the appellant to a bad-conduct discharge and confinement for 10 months. The convening authority approved the findings and sentence as adjudged.

The appellant asks that we find certain statements made by government trial counsel during her sentencing argument to be improper and prejudicial. Finding no merit in the appellant's assertion of error, we affirm the findings and sentence.

According to the appellant, three separate statements made by trial counsel were inappropriate. Since trial defense counsel did not object to any of the statements, we review under a plain error standard. Rule for Courts–Martial 1001(g); *United States v. Ramos*, 42 M.J. 392, 397 (C.A.A.F.1995). To find plain error we must find that: (1) there is an error; (2) that the error is clear or obvious; and (3) that the error materially affected substantial rights. *United States v. Powell*, 49 M.J. 460, 463 (C.A.A.F.1998). We have examined all three statements made by trial counsel using the standards set forth by our superior court in *Powell*, and find no error, plain or otherwise.

■ In the first statement complained of by the appellant, trial counsel referred to the "Core Values" of the Air Force (integrity, service before self, excellence) and briefly described how the appellant failed to live up to them. The appellant claims this reference was an attempt to unlawfully bring "department and command policies into a court of law." As we have noted in the past, the Air Force Core Values are "simply inspirational institutional precepts to which all members of the Air Force should aspire. They are of common knowledge to all Air Force members and they do not, by themselves, establish a departmental policy as to what should be done to those individuals who fail to meet them." *United States v. Gill*, ACM 35212, 2005 WL 11591 *7 (A.F.Ct.Crim.App. 16 Dec.

2004). We have also noted that we "find nothing in the Air Force Core Values, 'relative to punishment,' that incorporates a departmental policy mandating a discharge or any other result in the court-martial of an airman who fails to live up to one or more of the Core Values." *United States v. Thornton*, ACM S29598 *2 (A.F.Ct.Crim.App.2000). Similarly, the Navy–Marine Corps Court of Criminal Appeals has considered and rejected the notion that references to the Navy's Core Values (honor, courage, and commitment) are inappropriate in sentencing. *See United States v. Fortner*, 48 M.J. 882, 883–884 (N.M.Ct.Crim.App.1998); *United States v. Topp*, NMCM 96 02569, 1998 WL 88083, unpub. op. at 2–4 (N.M.Ct.Crim.App. 17 Feb 1998). In accordance with these earlier opinions, we continue to believe that the Air Force Core Values are meant to be inspirational and aspirational, but are not interjected inappropriately as "command policy" when referenced during the sentencing phase of a court-martial.

■ The second and third statements made by trial counsel the appellant asserts were improper referred to the appellant's pregnancy and, essentially, her fitness as a mother. Again, trial defense counsel did not object. Appellant argues that the military judge should have sua sponte disallowed the argument. We find the military judge's decision to allow the argument was not plain error. The appellant based much of her sentencing case on her responsibilities as a mother and how confinement might affect her relationship with her soon-to-be born daughter. Her unsworn statement was a direct appeal to the military judge for sympathy and leniency (in regard to confinement) because she was about to give birth to a daughter. After the appellant raised the pregnancy issue in her sentencing case, the trial counsel was within her rights to present a counter argument to the appellant's plea for leniency. Trial counsel's arguments were fair comments that directly responded to the appellant's earlier statements. *See United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005) (citing *United States v. Gilley*, 56 M.J. 113, 120–121 (C.A.A.F.2001)).

Assuming, arguendo, that the trial counsel's statements were improper, we find that no substantial rights of the appellant were materially affected. The sentencing authority in this case was a military judge, and we presume that he knew and properly followed the law. *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F.1997). Given that the military judge adjudged a bad-conduct discharge, rather than the dishonorable discharge recommended by trial counsel, and 50 months less confinement than the trial counsel urged, we are confident that he was not unduly swayed by the government's argument. Based upon our review of the record, we find the military judge fashioned an appropriate sentence for this appellant "on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A.1959)).

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.