# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

**Ernest M. RAMOS**
**Boatswain's Mate First Class (E-6), U.S. Coast Guard**

**CGCMSP 24924**
**Docket No. 1418**

**28 October 2016**

Special Court-Martial convened by Commanding Officer, Maritime Safety and Security Team Seattle (MSST 91101).  Tried at Seattle, Washington, on 6 & 27-29 October 2014.

| | |
|---|---|
| Military Judge: | CDR Eric D. Masson, USCG |
| Trial Counsel: | LT Geralyn M. van de Krol, USCG |
| Assistant Trial Counsel: | LT Joel C. Coito, USCG |
| Civilian Defense Counsel: | Mr. Jeffery C. King, Esq. |
| Military Defense Counsel: | LT Teresa Z. Ohley, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Lars T. Okmark, USCGR |

**BEFORE**
**McCLELLAND, CLEMENS & BRUCE**
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial composed of officer members.  Contrary to his pleas, Appellant was convicted of one specification of conspiracy to manufacture and distribute marijuana, in violation of Article 81, Uniform Code of Military Justice (UCMJ); three specifications of making false official statements, in violation of Article 107, UCMJ; and one specification of wrongful possession of marijuana with intent to distribute, in violation of Article 112a, UCMJ.  The members sentenced Appellant to confinement for ninety days, reduction to E-3, and a bad-conduct discharge.  The Convening Authority approved the sentence.

Before this Court, Appellant has assigned the following errors:

I. Coast Guard officers and CGIS agents questioned Appellant about his involvement in a marijuana-growing business without informing him of his Article 31(b), UCMJ, rights.

II. Appellant was convicted of two specifications of making a false official statement to two officers to the effect that he "wasn't involved" in his wife's business, when he only told them he was "not on the paperwork."

III. The Government's sentencing argument tied the recommended sentence to the way that Appellant's convictions "specifically contradict core values of the U.S. Coast Guard," violating Coast Guard Court Rule of Practice and Procedure 25.6.

IV. Appellant's convictions are all factually insufficient.

V. The military judge plainly erred when he instructed members they must find Appellant guilty.[1]

We overturn the convictions of Specifications 2 and 3 of Charge II, under Article 107, UCMJ, and otherwise affirm.

**Facts**

On the morning of 8 April 2014, Appellant, stationed in Seattle, Washington, reported to his division officer that a civilian with whom his wife had a business had made threats against Appellant and his wife and had said he knew where Appellant worked. Appellant mentioned that the business involved recreational marijuana, but that his name was not on the paperwork of the business.[2] Appellant's division officer called upon his superior, the operations officer, to whom Appellant repeated his story. The operations officer called upon his superior, the executive officer, to whom Appellant repeated his story in the presence of the operations officer.

The executive officer took steps to notify security officials of the threat, including calling Coast Guard Investigative Service (CGIS). CGIS requested to talk with Appellant. Thereafter, Appellant was interviewed by CGIS agents, to whom he repeated his story with further details.

Appellant and his wife learned of the business opportunity in January 2014, and both attended a meeting in January with the business partner and his wife at a lawyer's office, to

---

[1] Appellant's motion for leave to file this supplemental assignment of error was granted on 18 October 2016.
[2] State law had recently changed, legalizing recreational marijuana.

develop an LLC agreement between Appellant's wife and the business partner for the purpose of producing marijuana. (R. at lines 6967-90.)[3] The business partner had already applied for a license and was seeking financing, which he mentioned while socializing with Appellant and Appellant's wife. (R. at lines7582-7662.) The business partner already had some marijuana plants for use as medicinal marijuana. (R. at lines 8676-90.) He kept the plants for a time in Appellant's garage. (R. at 8691-8712.) Between January and April, the two couples engaged in activities in varying degrees toward establishing the business. In April, Appellant and his wife met with the business partner and his wife and told them that they (Appellant and his wife) were withdrawing from the business. (R. at lines 9043-45.) The next day, Appellant's wife informed the business partner's wife that the plants in the garage had been removed ("chopped down"). (R. at 9088-90, 9122-24, 9138-44.) At that point, the business partner called CGIS, who, coincidentally, had just finished interviewing Appellant.

Appellant was charged with and found guilty of conspiring with his wife to manufacture and distribute marijuana; false official statements to a CGIS special agent, to the division officer and to the executive officer; and possession of marijuana with intent to distribute.

### Article 31(b) rights

Appellant complains that the operations officer, the executive officer, and the CGIS agent suspected him of an offense at the time he made statements to them without Article 31(b) rights having been given – statements about which they later testified.

A military judge's ruling on a motion to suppress is reviewed for abuse of discretion. *United States v. Jones*, 73 M.J. 357, 360 (C.A.A.F. 2014) (citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). When reviewing a ruling on a motion to suppress for failure to give a rights warning, the military judge's findings of fact are reviewed on a clearly-erroneous standard, and conclusions of law are reviewed de novo. *Id.* (citing *United States v. Swift*, 53 M.J. 439, 446 (C.A.A.F. 2000)). Article 31(b) requires rights warnings if the person being interrogated is a suspect at the time, and the person interrogating is acting in an official law enforcement or disciplinary inquiry. *Swift*, 53 M.J. at 446 (citing *United States v. Moses*, 45 M.J.

---

[3] References are to the transcript for 27-29 October 2014.

132, 134 (C.A.A.F. 1996)).  Whether a person is a suspect is an objective question.  *Id.* (citing *United States v. Good*, 32 M.J. 105, 108 (C.M.A. 1991)).

The military judge found that Appellant's meetings with the operations officer and the executive officer were not for a law enforcement or disciplinary purpose, inasmuch as they were focused on identifying and mitigating a threat.[4]  (Appellate Ex. 29 at 8.)  Accordingly, he held their testimony concerning Appellant's statements would be admissible.  We find no error and no abuse of discretion in the military judge's actions as to statements to the two officers.  They eventually testified.  (R. at lines 5990-6458, 6515-6842.)  We note that there is little or nothing in their testimony that contributed to Appellant's convictions, aside from Appellant's statement that is the subject of Charge II Specification 3, so that any error would not be prejudicial as to all other specifications.  For reasons discussed below, we disapprove the finding of guilty as to Charge II Specification 3.  Accordingly, any error is harmless.

The military judge also found that Appellant's interview by CGIS agents was not for a law enforcement or disciplinary purpose, again because they were focused on identifying and mitigating a threat.  (Appellate Ex. 28 at 8.)  Accordingly, he held the CGIS agent's testimony concerning his statements would be admissible.  Again, we find no error and no abuse of discretion in the military judge's actions as to statements to CGIS.

### False official statements to two officers

Appellant was found guilty of false official statements to his division officer and to the executive officer.  The two specifications[5] allege that he stated that he "was not involved in his wife's business venture related to the production of marijuana, or words to that effect."  He objects, asserting that he only told them that he was not on the paperwork.  The Government responds that the difference is not significant because "not on the paperwork" constitutes words to the effect that he was not involved.

---

[4] He also found that they did not suspect Appellant of an offense, but did not discuss whether Appellant was, objectively, a suspect during the meetings.  It was and remains unnecessary to decide this point.

[5] The two specifications began as Specifications 1 and 2 of Additional Charge I, but were called Specifications 2 and 3 of Charge II at trial and in the promulgating order.  We will adhere to that usage.

The evidence as to the division officer is entirely consistent with Appellant's claim that he only told them that he was not on the paperwork. Although the evidence as to the executive officer is not as clearcut, we are convinced that the same is true: he only told the executive officer that he was not on the paperwork. It is no doubt true that Appellant, who was reporting to them a threat that he believed was serious, wanted to keep the officers from thinking that he was involved in the business. However, we do not agree with the Government that his words were "to the effect that" he was not involved. On the contrary, the statement that he was not on the paperwork left up in the air the question of whether he was involved in the business. The statement could be part of either one of two more complete statements: "I am not involved and I am not even on the paperwork," or "I am involved, but I am not on the paperwork."

Our conclusion, that Appellant did not state words to the effect of the statement alleged, is bolstered by the fact that we cannot discern any danger from this conclusion to the interests served by the statutory prohibition against false official statements.

We will disapprove the findings of guilty to Specifications 2 and 3 of Charge II. We are certain that these specifications made no difference to the sentence.

### Argument incorporating "core values"

Appellant objects to the Government's closing argument invoking the Coast Guard's core values of Honor, Respect and Devotion to Duty, citing the Court Rules of Practice and Procedure Before Coast Guard General and Special Courts-Martial, found in the Coast Guard Military Justice Manual, Commandant Instruction M5810.1E, at enclosure 16a. Appellant argues a violation of Court Rule 25.6[6]. The Rule reads, in pertinent part:

> Trial counsel may not, under any circumstances, either directly or indirectly, or by inference, argue or bring to the attention of the court any desire, belief, or opinion of the convening or other authority concerning the guilt or innocence of the accused, or an appropriate sentence if convicted. Trial counsel also may not argue that an accused is guilty, or deserves a more severe punishment, because their acts violated "core values" or other command policy that is not contained within a charged offense.

---

[6] The Court Rules were updated by the Chief Trial Judge and reissued in May 2016. In the new edition, what was Rule 25.6 has become Rule 23.6.

Our review is *de novo*, and the test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused. *United States v. Frey,* 73 M.J. 245, 248 (C.A.A.F. 2014) (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)).

The Court Rules do not create substantive rights for an accused, rather they serve judicial economy and promote an effective proceeding. Court Rule 2 ("Although these rules are mandatory, noncompliance, in and of itself, does not give rise to any rights or remedies and the rules shall be interpreted and applied in that light."). Hence we need not determine whether the argument violates a Court Rule.

The cited rules do reflect otherwise existing substantive rights. The first sentence of the above extract applies the prohibition against unlawful command influence. The second sentence, in prohibiting an argument that an accused is guilty because the accused's acts violated core values, guards against potential infection of a guilty verdict with a vague, noncriminal standard. The prohibition of argument that an accused deserves a more severe punishment because the acts violate core values requires more insight because such an argument might not violate a substantive right of the accused in every instance. Invocation of societal standards is a staple of government sentencing arguments, and rightly so. Most criminal prohibitions are based on fundamental societal standards. We surmise that the UCMJ is based on standards of military society. Thus, mere reference to Coast Guard core values as a reason that the acts for which the accused was convicted are crimes that should be punished surely is not a *per se* violation of a substantive right of the accused. *See United States v. Fortner*, 48 M.J. 882 (N.M.Ct.Crim.App. 1998); *United States v. Gatewood*, 65 M.J. 724 (A.F.Ct.Crim.App. 2007). It is equally clear that an argument invoking core value violation as a basis for greater punishment would surely risk violation of a substantive right of the accused, because presumably every offense violates core values, hence the argument would urge double counting of the inherent violation of core values. Likewise, an argument invoking core values to inflame the emotions of the members would risk violation of a substantive right of the accused.

The Government's closing argument on sentence in this case included the following:

An appropriate sentence in this case should take into account not only the specific offenses [of which Appellant] has been found guilty, but also the way that those offenses specifically contradict core values of the U.S. Coast Guard; honor respect, and devotion to duty. . . . I want to talk about to you first honor. [recitation of false official statement specifications] Devotion to duty.

(R. at lines 20025-29, 20035-20045.) At this point defense counsel objected, and an Article 39(a) session was held, at the end of which the military judge overruled the objection.

The Government's closing argument continued:

Devotion to duty, the second of the core values that I want to talk about. [discussion of Coast Guard mission of narcotics interdiction, with assertion that Appellant's conviction of conspiracy and possession of marijuana cuts against that duty[7]]

(R. at lines 20098-20110.) The argument continued with no further reference to core values.

We see the Court Rule as a prophylactic rule, designed to guide the Government away from any argument invoking strongly held beliefs about values that might prejudice or overwhelm proper considerations in a court-martial. In this case, we see the Government's references to core values as falling within a permissible zone, merely calling attention to values underlying the UCMJ in the Coast Guard context. The argument may have been calculated to preemptively counter an expected defense argument that would minimize the offenses by focusing on Appellant's excellent military record, the details of the offenses and the arguable absence of significant consequences, to the exclusion of the larger picture. In any event, the Government's argument did not materially prejudice Appellant's substantial rights.

### Factual sufficiency

Appellant argues that for the specifications other than those addressed in issue II, the evidence is factually insufficient. We are convinced beyond a reasonable doubt that these specifications were proved.

---

[7] This argument briefly ventured close to a prohibited area of argument discussed in *United States v. Skidmore*, 64 M.J. 655 (C.G.Ct.Crim.App. 2007) and *United States v. Harris*, 67 M.J. 550 (C.G.Ct.Crim.App. 2008). There was no objection, and if there was error, we see no plain error.

**Member instruction issue**

Appellant asserts that the military judge erred by instructing the members, "If based on your consideration of the evidence you are firmly convinced of the truth of each and every element, you *must* find the accused guilty." (Emphasis added.)

We understand this issue is under review by the Court of Appeals for the Armed Forces in *United States v. McClour*, No. 16-0455/AF, and other cases. Until that court decides otherwise, we will follow the logic of its previous holding:

> [A] court-martial panel does not have the right to nullify the lawful instructions of a military judge. . . . Because there is no "right" of jury nullification, the military judge in this case did not err either in declining to give a nullification instruction or in declining otherwise to instruct the members that they had the power to nullify his instructions on matters of law.

*United States v. Hardy*, 46 M.J. 67, 75 (C.A.A.F. 1997). *See also United States v. Meeks*, 41 M.J. 150, 157 n. 2 (C.M.A. 1994). We see no error in the military judge's instruction.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Specifications 2 and 3 of Charge II are set aside and the specifications are dismissed. The other findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges CLEMENS and BRUCE concur.



For the Court,

L. I. McClelland
Chief Judge